**GENERAL MOTORS CORPORATION, a Delaware Corporation, Plaintiff–Appellee,**

v.

**SIGNATURE AUTOMOTIVE GROUP, INCORPORATED, et al., Defendants,**

**Tim Tyler Motors, Inc., a Michigan Corporation, Defendant–Appellant.**

**No. 04–1657.**

United States Court of Appeals, Sixth Circuit.

June 10, 2005.

S. Thomas Wienner, Seth D. Gould, Wienner & Gould, Rochester, MI, for Defendants.

Curtis R. Hadley, Raymond J. Foresman, Jason W. Johnson, Jason W. Johnson, Willingham & Cote, East Lansing, MI, for Defendant–Appellant.

Before BATCHELDER and COLE, Circuit Judges; OBERDORFER,[1] District Judge.

BATCHELDER, Circuit Judge.

Third–Party–Plaintiff–Appellant Tim Tyler Motors, Inc. ("Tyler") appeals the district court's grant of summary judgment to Third–Party–Defendant–Appellee General Motors Corporation ("GM") in this diversity action raising issues under Michigan state law. This lawsuit began when GM sued Signature Automotive Group, Inc. ("Signature"), a company in the business of purchasing vehicles for rental car companies, to recover certain incentive payments that GM had made to Signature under a contract that GM claimed Signature breached. Signature responded by

1. The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

filing a third-party claim against Tyler, the GM dealer that agreed to place Signature's vehicle orders with GM, alleging that Tyler's mistakes in ordering the vehicles caused Signature to breach its agreement with GM. Tyler filed counterclaims against both GM and Signature, and the matter before us involves only Tyler's appeal of the district court's grant of summary judgment to GM on Tyler's contract, fraud, and statutory claims.

Specifically, Tyler argues that the district court erred in the following ways: 1) by finding no genuine dispute of material fact as to whether GM engaged in bad faith conduct in its dealings with Tyler; 2) by finding that GM did not violate any contractual duties to Tyler with regard to re-invoicing vehicles or providing retail incentives; 3) by refusing to find that GM had committed fraud or fraud by omission in its dealings with Tyler; and 4) by finding that GM's alleged bad faith and fraudulent conduct did not constitute a violation of MICH. COMP. LAWS § 445.1574(1)(a).

After carefully reviewing the record, the applicable law, the parties' briefs, and counsels' arguments, we are convinced that the district court did not err in its conclusions. As the district court's opinion carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.